UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.: EDCV 13-1948-JVS (MAN)                    Date: April 4, 2014


Title:   Juan C. Hernandez v. D. Hall,, et al.
================================================================================
DOCKET ENTRY:        Order To Show Cause Re: Dismissal
================================================================================
PRESENT:

                Hon. Margaret A. Nagle     , United States Magistrate Judge


                Earlene Carson          N/A
                Deputy Clerk            Court Reporter/Tape No.


  ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANTS:


    N/A                                      N/A


**PROCEEDINGS (In Chambers):**

On November 5, 2013, plaintiff filed a civil rights complaint ("Complaint").  On November 25, 2013, the Court completed its screening of the Complaint and issued several Orders directing that service of process proceed and advising plaintiff that he was entitled to enlist the assistance of the United States Marshal to effect service of process.  These Orders -- Docket Nos. 5-7 -- were served upon plaintiff on November 26, 2013, at his docket address of record, along with the issued Summons and instructions for effecting service of process.

Among other things, the Court's November 25, 2013 Minute Order Directing Service of Process [Docket No. 6] expressly advised plaintiff that

> the Summons and Complaint must be served upon the defendants within 120 days of the date of this Order.  If service is not completed within 120 days, the Court may dismiss this action.  *See* Rule 4(m), Federal Rules of Civil Procedure.

In addition, the Court's November 25, 2013 Order Re Service Of Process [Docket No. 5] directed as follows:

> Within thirty (30) days of this Order, plaintiff shall file with the Court copies of the USM-285 forms he has submitted to the United States Marshal.

MINUTES FORM 11                                    Initials of Deputy Clerk __efc___
CIVIL - GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES--GENERAL</u>

Case No.  EDCV 13-1948-JVS (MAN)                          Date: April 4, 2014

The Rule 4(m) period for service of process expired on March 25, 2014.  No defendant has appeared, and plaintiff has not filed anything with the Court showing that he submitted the requisite documentation to the United States Marshal to effect service of process, as required by the Order Re Service Of Process.  Indeed, plaintiff has not filed any document in this case since filing the Complaint, and he has made no effort to prosecute this action since that time.  Accordingly, based on the record before the Court, it appears that defendants have not been served with process and that plaintiff has abandoned this case.

Rule 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 120 days of filing the complaint, federal district courts have the authority to *sua sponte* dismiss an action without prejudice, after notice to the plaintiff.  If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the Court must extend the time for accomplishing service.  Fed. R. Civ. P. 4(m); *see also* <u>Muhammed v. Department of Treasury</u>, 1998 WL 986245, at *3 (C.D. Cal. Nov. 19, 1998).  The burden of establishing good cause is on the plaintiff.  *Id.*, at *4.  The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." <u>Hamilton v. Endell</u>, 981 F.2d 1062, 1065 (9th Cir. 1992); *see also* <u>Townsel v. County of Contra Costa</u>, 820 F.2d 319, 320-21 (9th Cir. 1987) (holding that ignorance of Rule 4 is not good cause for untimely service and affirming dismissal under Rule 4(m), even though the statute of limitations had run, and thus, the dismissal effectively was with prejudice).

By the Court's Orders of November 25, 2013, plaintiff was clearly advised of his obligation to effect service of process within the Rule 4(m) deadline, and he was placed on notice that dismissal of this action might result if he failed to complete service of process within the Rule 4(m) deadline.  Moreover, plaintiff was ordered to promptly submit proof that he had commenced service of process efforts.  Plaintiff has failed to meet his obligations, and he has not requested an extension of the Rule 4(m) deadline, much less shown good cause for one.

"Pro se litigants must follow the same rules of procedure that govern other litigants."  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987); *see also* <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (*per curiam* ) (failure of *pro se* litigant to follow procedural rules justified dismissal of civil rights action).  Given the explicit advice provided to plaintiff in the Court's November 25, 2013 Minute Order, there is no cause, much less good cause, for plaintiff's apparent failure to prosecute this action by attempting to serve the defendants.  *See* <u>Wei v. State of Hawaii</u>, 763 F.2d 370, 372

MINUTES FORM 11                                              Initials of Deputy Clerk __efc___
CIVIL - GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES--GENERAL</u>

Case No.  EDCV 13-1948-JVS (MAN)                              Date: April 4, 2014

(9th Cir. 1985) (*per curiam*) (opining that Rule 4(m)'s 120-day time limit "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action," and because plaintiff did not contend that he attempted to serve defendants, was confused about the requirements of service, or was prevented from effecting timely service by factors beyond his control, a dismissal for failure to serve process was justified, even though plaintiff's claim therefore became time-barred).  Under the circumstances of record, there is no basis for extending the expired Rule 4(m) period, and under Rule 4(m), dismissal of this action, without prejudice, appears to be warranted.

Dismissal also appears to be warranted under Rule 41(b) of the Federal Rules of Civil Procedure, which grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute.  <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962).  In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits.  <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Plaintiff's delay necessarily implicates both the public interest in the expeditious resolution of litigation and the Court's need to efficiently manage its docket, the first and second factors.  *See* <u>Pagtalunan</u>, 291 F.3d at 642; *see also* <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990-91 (9th Cir. 1999).  Plaintiff's noncompliance with the Court's November 25, 2013 Orders and Rule 4(m) has caused this action to come to a halt, thereby impermissibly allowing plaintiff, rather than the Court, to control the pace of the proceedings in this case.  *Id.*

The third factor -- possible prejudice to the opposing party -- is, at best, neutral to plaintiff.  The Complaint is based on events that occurred in 2011 and early 2012.  While there is no evidence that plaintiff's actions have resulted in any actual prejudice to any defendant as yet, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay.  *See* <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994); <u>Moore v. Teflon Communications Corp.</u>, 589 F.2d 959, 967-68 (9th Cir. 1978).

In addition, the fourth factor favors dismissal.  The Court's November 25, 2013 Minute Order specifically admonished plaintiff that his failure to comply with Rule 4(m) and to effect service of

MINUTES FORM 11                                              Initials of Deputy Clerk __efc___
CIVIL - GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES--GENERAL</u>

Case No.  EDCV 13-1948-JVS (MAN)                                        Date: April 4, 2014

process on a timely basis could result in the dismissal of this action.  *See* <u>Ferdik</u>, 963 F.2d at 1262. Having been so cautioned, yet having taken no action, it appears that plaintiff has no desire to pursue this case.  Under these circumstances, dismissal is appropriate.

Only the fifth factor -- the general policy favoring resolution of cases on the merits -- arguably could favor retention of this action on the Court's docket.  However, a balancing of this factor with the above-noted factors leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), also is warranted.  *See* <u>Yourish</u>, 191 F.3d at 992.

Accordingly, plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed pursuant to Rule 4(m) and/or Rule 41(b).  **By no later than May 4, 2014**, plaintiff must file a response to this Order if he wishes this case to continue.  In his response, plaintiff must explain, in detail, why he has failed to proceed with service of process efforts and to prosecute this case, and he must establish good cause for his inaction.  **If plaintiff fails to file a timely response to this Order of if he does not establish good cause in his response, the Court will promptly forward this case to the United States District Judge with a recommendation that it be dismissed, without prejudice, for the reasons set forth above.**

IT IS SO ORDERED.

Initials of Deputy Clerk __efc___